# Nos. 05-10067, 05-15006 & 05-55354

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

    Defendant-Appellant,

        v.

COMPREHENSIVE DRUG TESTING, INC., et al.,

    Movants-Appellees.

## MOTION TO STAY THE MANDATE

Pursuant to Federal Rule of Appellate Procedure 41(d)(2) and Rule 41-1 of the Rules of this Court, the United States, through its undersigned counsel, hereby moves to stay the mandate in the above-captioned case. The United States is currently considering whether to file a petition for a writ of certiorari in this case. Such a petition would "present a substantial question," and there is "good cause for a stay," within the meaning of Appellate Rule 41. Accordingly, this is not a case in which a petition for a writ of certiorari would be "frivolous or filed merely for delay," as Rule 41-1 uses those terms. For those reasons, the government asks the Court to stay issuance of the mandate until the deadline for the filing of a

certiorari petition or, if a certiorari petition is filed, until the petition is finally resolved.

    1.   The government appealed two district court orders -- one from the Central District of California, and one from the District of Nevada -- granting the movants-appellees' motions for return of property under Federal Rule of Criminal Procedure 41(g).  The government also appealed an order from the district court of the Northern District of California quashing a subpoena that sought the same property.  A panel of this Court dismissed the government's appeal of the order from the Central District of California (appeal number 05-55354), but reversed the other two orders (appeal numbers 05-10067 and 05-15006).  *United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085 (9th Cir. 2008).  On September 30, 2008, this Court granted movants-appellees' petition for rehearing en banc.  The en banc court heard oral argument on December 18, 2008.

    2.   On August 26, 2009, the Court, sitting en banc, issued a published decision dismissing appeal number 05-55354, and affirming appeal numbers 05-10067 and 05-15006.  A petition for a writ of certiorari would be due on November 24, 2009.

    3.  The Solicitor General, in consultation with the Criminal Division of the Department of Justice and the United States Attorney's Office is currently

considering whether to file a petition for certiorari with the United States Supreme Court.

    4. This case presents a "substantial question" within the meaning of Federal Rule of Appellate Procedure 41(d)(2)(A). The en banc Court's opinion addresses, among other things, important issues regarding the execution of computer searches. In particular, the decision apparently prescribes a code of conduct that the government must follow in applying for warrants to conduct searches of computers and in executing those warrants. For example, the Court's decision requires the government to "forswear" any reliance on the plain view doctrine when it applies for computer searches, requires filter teams or third parties to review computer files seized pursuant to a search warrant, and directs the government to return property seized from a computer that does not fall within the terms of the warrant. The decision appears to conflict with decisions of the Supreme Court holding that nothing in the language of the Constitution or in the Supreme Court's decisions interpreting that language suggest that, in addition to the requirements set forth in the text of the Fourth Amendment, search warrants also must include a specification of the precise manner in which they are to be executed. *See United States v. Grubbs*, 547 U.S. 90, 98 (2006); *Dalia v. United States*, 441 U.S. 238, 255, 257 (1979). The decision also appears to conflict with

decisions of other courts of appeals that have rejected the argument that a search protocol is required for computer search warrants. *See, e.g., United States v. Cartier,* 543 F.3d 442, 447-48 (8th Cir. 2008); *United States v. Khanani,* 502 F.3d 1281, 1290-91 (11th Cir. 2007)*; United States v. Brooks,* 427 F.3d 1246, 1251-52 (10th Cir. 2005); *United States v. Upham*, 168 F.3d 532, 537 (1st Cir. 1999). The Court's decision therefore raises issues that may support a grant of certiorari under the Supreme Court's rules. *See* Supreme Court Rule 10(a) & (c).

5. There is also "good cause" for the stay. If the mandate is not stayed, the district courts will obtain jurisdiction over this case, and the materials seized pursuant to the warrant and subject to the grand jury subpoena may be destroyed. Destruction of the property may render the issues presented by the government's appeals moot.

Based on the foregoing, the United States submits that this case satisfies the requirements of Appellate Rule 41(d)(2)(A) and Rule 41-1 of the Rules of this Court. Accordingly, it moves the Court to stay the issuance of the mandate until

the time for filing a petition for certiorari has expired, namely, until and including November 24, 2009.

DATED: August 31, 2009

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

/s/
BARBARA J. VALLIERE
Chief, Appellate Section
Assistant United States Attorney
450 Golden Gate Ave., 11th Floor
San Francisco, CA 94102
415-436-7039

CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2009, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid , or have dispatched it to a third party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

_____

Gary C. Moss, Esq.
3930 Howard Hughes Pkwy, Ste. 170
Las Vegas, NV 89101

Ronald G. Russo, Esq.
Herzfeld & Rubin, P.C.
40 Wall Street
New York, NY 10005

/s/
TYLE L. DOERR
Appellate Paralegal Specialist