NOS. 05-10067, 05-15006 & 05-55354

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

IN RE: GRAND JURY SUBPOENA DATED MAY 6, 2004

SEAL 1,

Defendant-Appellant,

v.

SEAL 2,

Plaintiffs-Appellees.

---

---

**RESPONSE TO NON-PARTY'S NOTICE RE PENDING
MOTION TO UNSEAL COURT RECORDS**

Appeal from the United States District Courts for
The Northern District of California (No. CR Misc. 04-234 SI);
The Central District of California (No. CV 04-2887 FMC (JWJx));
and the District of Nevada (No. CV-S-04-0707 JCM-PAL)

---

KEKER & VAN NEST, LLP
ELLIOT R. PETERS - #158708
DAVID J. SILBERT - #173128
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff-Appellees
MAJOR LEAGUE BASEBALL
PLAYERS ASSOCIATION

COLEMAN & BALOGH LLP
ETHAN A. BALOGH - #172224
225 Bush Street, Suite 1600
San Francisco, CA 94104
Telephone: (415) 439-8347
Facsimile: (415) 373-3901

Attorneys for Plaintiff-Appellees
MAJOR LEAGUE BASEBALL
PLAYERS ASSOCIATION

The Major League Baseball Players Association (the "Association") hereby responds to Non-Party Movant's Notice of Pending Motion, filed September 8, 2009. By that notice, Non-Party Joshua Gerstein renews his motion to unseal the records on appeal in these consolidated matters based on the *en banc* Court's vacatur of the previous opinions by the three-judge panel. In response, the Association asks the Court to reinstate the decision of the three-judge panel on the Motion to Unseal, and to refer Non-Party Gerstein's Motion to Unseal to the district courts for decision upon remand.[1]

The original panel (O'Scannlain, Thomas, Tallman, CJJ.) addressed Gerstein's motion, both in its original opinion,[2] and again in its amended opinion.[3] The panel recognized that the parties to this litigation maintain important privacy interests with respect to the sealed documents, that the sealed "records contain extremely sensitive information, especially the drug testing records[,]" and that the sealed records include grand jury materials protected from disclosure by Federal Rule of Criminal Procedure 6(e). 513 F.3d at 1116 (Maj. Op.), 1148 (Thomas, CJ., concurring in part, dissenting in part). The panel also recognized that "[i]f revealed, this information could adversely affect the reputations of many

---

[1] On December 9, 2005, the Association and Comprehensive Drug Testing, Inc. ("CDT") opposed Gerstein's Motion to Unseal. The Association stands on the arguments raised therein, and attaches hereto as Exhibit A a copy of that brief in opposition.

[2] *United States v. Comprehensive Drug Testing, Inc.*, 473 F.3d 915 (9th Cir. 2006), at 942-43 (Maj. Op.), at 977 (Thomas, CJ., concurring in part, dissenting in part).

[3] *United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085 (9th Cir. 2008), at 1115-16 (Maj. Op.), 1148-50 (Thomas, CJ., concurring in part, dissenting in part).

competitive baseball players, [and thus] the motion to unseal requires a careful balancing of the interests at stake." 513 F.3d at 1116. Indeed, at its heart, this litigation addresses the right of complete privacy regarding records created through a collective bargaining agreement that expressly promised anonymity and confidentiality as a condition of obtaining urine samples from union members. Unsealing any records reflecting this protected information would effectively decide the core issues of these cases, and would do so in a manner that defeats the Association's claims, claims which were sustained by three district judges and then by a decisive *en banc* panel of this Court.

With due consideration to the breadth of the record and to the detailed balancing of the important interests that will decide the motion to unseal, the panel unanimously (and correctly) concluded that the district courts are better positioned to address this motion in the first instance.[4] Accordingly, the panel referred the Gerstein motion to the district courts for consideration upon remand.[5] The panel's response to the motion to unseal was correct, and Gerstein presents no argument suggesting otherwise in his recently-filed notice.

While the three-judge panel's decision needs no further support, the current posture of these consolidated cases nonetheless provides it. By a vote of 9 to 2, an *en banc* panel of this Court recently affirmed each of the rulings below.[6] With no

---

[4] *Comprehensive Drug Testing, Inc.*, 513 F.3d at 1115-16 (Maj. Op.), 1148-50 (Thomas, CJ., concurring in part, dissenting in part).

[5] 513 F.3d at 1116 (Maj. Op.), 1148 (Thomas, CJ., concurring in part, dissenting in part).

[6] *United States v. Comprehensive Drug Testing, Inc.*, --- F.3d ----, 2009 WL 2605378, (9th Cir. August 26, 2009) (en banc).

opposition from the Association or CDT, the government has since obtained a stay of the mandate so that it may assess and possibly pursue discretionary review by the Supreme Court. As any subsequent review of these consolidated cases would involve an evaluation of the privacy interests at stake, the district courts should have the benefit of any such further guidance before evaluating the motion to unseal.

For these reasons, the Association respectfully requests that the Court respond to the Non-Party's Notice by reinstating the decision of the original three-judge panel on the Motion to Unseal, and referring the motion to the district courts for consideration upon the issuance of the mandate.

Dated: September 10, 2009

Respectfully submitted,

KEKER & VAN NEST, LLP

COLEMAN & BALOGH LLP


By:     */s/  E A Balogh*
ETHAN A. BALOGH
Attorneys for APPELLEE
MAJOR LEAGUE BASEBALL
PLAYERS' ASSOCIATION

# EXHIBIT A

NOS. 05-10067, 05-15006 & 05-55354

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

IN RE: GRAND JURY SUBPOENA DATED MAY 6, 2004

SEAL 1,

Defendant-Appellant,

v.

SEAL 2,

Plaintiffs-Appellees.

## RESPONSE TO NON-PARTY'S MOTION TO UNSEAL
## COURT RECORDS

Appeal from the United States District Courts for
The Northern District of California (No. CR Misc. 04-234 SI);
The Central District of California (No. CV 04-2887 FMC (JWJx));
and the District of Nevada (No. CV-S-04-0707 JCM-PAL)

KEKER & VAN NEST, LLP
ELLIOT R. PETERS - #158708
DAVID J. SILBERT - #173128
BENJAMIN B. AU - #237854
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
Attorneys for Plaintiff-Appellees
MAJOR LEAGUE BASEBALL
PLAYERS ASSOCIATION

SIDEMAN & BANCROFT, LLP
DAVID P. BANCROFT - #52106
JEFFREY C. HALLAM - #161259
One Embarcadero Center, Eighth Floor
San Francisco, CA 94111
Telephone: (415) 392-1960
Facsimile: (415) 392-0827
Attorneys for Plaintiff-Appellees
COMPREHENSIVE DRUG TESTING,
INC.

363180.05

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................... 1

II.  FACTUAL BACKGROUND ..................................................... 3

III. LEGAL STANDARD............................................................. 4

IV.  ARGUMENT....................................................................... 5

    A.   Rule 6(e) mandates that the record in this case remain sealed............. 5

    B.   The motion to unseal is precluded because there is no right of public access to search-warrant materials in a new or ongoing investigation. 8

    C.   Even if there were a qualified right to public access, the balance of interests weighs strongly in favor of maintaining the sealing of the record. ........................................................................... 13

    D.   If the Court grants the motion, it should order that any unsealed records be redacted. ........................................................... 14

V.   CONCLUSION................................................................... 15

# TABLE OF AUTHORITIES

<u>**Page(s)**</u>

## FEDERAL CASES

*California First Amendment Coalition v. Woodford,*
    299 F.3d 868 (9th Cir. 2002) ................................................... 5

*Certain Interested Individuals v. Pulitzer Publishing Co.,*
    895 F.2d 461 (8th Cir. 1990) ................................................ 10

*Doe v. Broderick,*
    225 F.3d 440 (4th Cir. 2000) ................................................ 11

*Douglas Oil Co. v. Petrol Stops Northwest,*
    441 U.S. 211 (1979) ............................................................. 6

*Ferguson v. City of Charleston,*
    532 U.S. 67 (2001) ............................................................. 12

*In re Grand Jury Investigation,*
    610 F.2d 202 (5th Cir. 1980) ................................................ 6

*In re Grand Jury Proceedings,*
    867 F.2d 539 (9th Cir. 1989) ............................................. 1, 6

*Media General Operations Inc. v. Buchanan,*
    417 F.3d 424 (4th Cir. 2005) .............................................. 10

*In re Motions of Dow Jones & Co., Inc.,*
    142 F.3d 496 (D.C. Cir. 1998) .............................................. 7

*National Treasury Employees Union v. Von Raab,*
    816 F.2d 170 (5th Cir. 1987) .............................................. 12

*Nixon v. Warner Communications, Inc.,*
    435 U.S. 589 (1978) ............................................................. 4

*Press-Enterprise Co. v. Superior Court,*
    478 U.S. 1 (1986) ............................................................... 5

*In re Sealed Case,*
    199 F.3d 522 (D.C. Cir. 2000) .............................................. 7

363180.05

# TABLE OF AUTHORITIES
## (cont'd)

**Page(s)**

*Skinner v. Railway Labor Executives' Association,*
    489 U.S. 602 (1989)................................................................ 12

*In re The Reporters' Committee For Freedom of the Press,*
    773 F.2d 1325 (D.C. Cir. 1985)................................................. 4

*In re The Special February, 1975 Grand Jury,*
    662 F.2d 1232 (7th Cir. 1981)................................................. 8

*Times-Mirror Co. v. United States,*
    873 F.2d 1210 (9th Cir. 1989).......................................... *passim*

*United States v. Baggot,*
    463 U.S. 476 (1983)................................................................. 8

*United States v. Sells Engineering Co.,*
    463 U.S. 418 (1983)........................................................... 5, 13

## FEDERAL STATUTES

Fed. R. Crim. P. 6(e) ....................................................... *passim*

Fed. R. Crim. P. 6(e)(6)...................................................... 1, 6

Fed. R. Crim. P. Rule 41 ............................................... 9, 10, 12

## I.    INTRODUCTION

Major League Baseball Players Association (the "Association") and Comprehensive Drug Testing, Inc. ("CDT") oppose the Non-Party's Motion to Unseal part of the record in this case.  Perhaps needless to say, the names of the individuals whose drug testing records were seized, as well as the records themselves, cannot be released to the public; the movant himself recognizes this limit by disavowing any claim to the names.  Mtn. to Unseal at 6 (suggesting "[t]he redaction, for instance, of names of persons not charged with a crime . . . .").  The identities of the people whose test results were seized, and any seized materials, must remain sealed.  But the remainder of the record in this case must also remain sealed because it concerns grand-jury subpoenas and search-warrant materials to which the public has no right of access.

Federal Rule of Criminal Procedure 6(e) prohibits the disclosure of grand-jury proceedings, including ancillary proceedings that reveal matters occurring before the grand jury such as a proceeding to quash a subpoena.  *See* Fed. R. Crim. P. 6(e)(6); *see also In re Grand Jury Proceedings*, 867 F.2d 539, 540 n.1 (9th Cir. 1989) (considering a motion to quash a subpoena, and sealing "all documents and briefs in this matter . . . to protect the secrecy of ongoing grand jury proceedings").  One of the district court Orders at issue in this appeal quashed grand-jury subpoenas; this Order and the proceedings that led to it fall directly within Rule 6(e)'s secrecy requirement.  The remaining two Orders involve search warrants that are so intertwined with grand jury proceedings that the warrant proceedings, too, fall within the ambit of Rule 6(e).

Unsealing of the search-warrant proceedings is also precluded by this Court's decision in *Times-Mirror Co. v. United States*, 873 F.2d 1210 (9th Cir. 1989), which held that during a pre-indictment criminal investigation, members of the public have no constitutional or common-law right of access to warrant materials. In *Times Mirror*, the Court found that "the policy behind grand jury secrecy [applies] with equal force to warrant proceedings[.]" *Id.* at 1215. Like Rule 6(e) in the grand jury context, *Times Mirror* protects the secrecy of not only warrants and warrant affidavits, but also court records that disclose the content of those documents or the items seized pursuant to warrants *See id.* at 1211 (upholding sealing of warrants, supporting affidavits, and inventories of items seized). Together, Rule 6(e) and *Times Mirror* require that the entire record remain sealed.

This is a case about protecting the privacy rights of hundreds of individuals whose drug-testing results were improperly seized, without probable cause and outside of plain view, pursuant to search warrants obtained for the purpose of circumventing a motion to quash a grand-jury subpoena. Three district courts in three judicial districts, in proceedings that each court sealed, ordered the return of the test results in order to safeguard the privacy rights of these persons. Public access to the court records would defeat the very purpose of the relief sought. Publicizing the events of this case would also jeopardize the grand-jury proceedings and investigation underlying these actions. Because maintaining the existing sealing of the court records is necessary to preserve the confidentiality of the proceedings below and to protect the highly confidential and sensitive

information at issue in this case, the Association and CDT respectfully request that the Court deny the non-party's request to unseal portions of the court record.

## II. FACTUAL BACKGROUND

These consolidated appeals arise from a campaign by the government, using both subpoenas and search warrants, to obtain hundreds of individual's drug-testing records without probable cause. After first issuing grand jury subpoenas for those records, the government sought to obtain them by executing search warrants at CDT and at Quest Diagnostics, Inc. ("Quest"), a laboratory in Nevada, and simultaneously issuing new grand jury subpoenas to those entities. CDT is a private drug-testing administrator. It has never been a suspect or target of the investigation. As a private test administrator, CDT's business hinges on its ability to maintain the confidentiality of the type of records at issue here.

Throughout the investigation, the media has focused a great deal of attention on this matter. Because this attention poses significant risks to the privacy interests of the individuals whose records were seized and to the government's investigation, all three district courts below ordered these proceedings sealed in their entirety. Likewise, upon motion of the parties, this Court entered an order to seal the documents filed and the docket information in this Court.[1] The parties created the record below and drafted the pleadings there and in this Court in reliance on these sealing orders.

Prior to oral argument, the Association and CDT made an unopposed motion

---

[1] On the public docket, these consolidated appeals are designated "Seal 1 v. Seal 2."

to seal the courtroom and the recording of the oral argument. This Court denied the motion. The Association, CDT, and the government then jointly moved the Court to reconsider the motion, and the Court denied that motion too. At oral argument, the panel stated that its denials of the several motions to seal were based on its view that the appeal presented legal issues and the argument did not need to involve matters occurring before the grand jury.[2]

Having learned of these proceedings from the public oral argument recording published on this Court's website, the non-party movant now moves this Court to unseal portions of the record. Movant seeks materials related to the "litigation in the lower courts and before this Court." Mtn. to Unseal at 6. Movant does not seek "the underlying warrants, or the affidavits in support thereof" and suggests "the redaction . . . of names of persons not charged with a crime." *Id.* at 5-6.

## III. LEGAL STANDARD

The framework for evaluating a First Amendment right-of-access claim to grand-jury and search-warrant material is firmly established. To demonstrate a right of access, a newspaper[3] or member of the public must show (a) that the "place

---

[2] The Court's denial of the joint motion to seal the courtroom does not in any way govern this Motion to Unseal In Part. At oral argument, presiding Judge O'Scannlain stated, "The only thing we've done is to deny the motion to seal the courtroom. Period."

[3] The movant's status as a journalist does not confer any greater entitlement to non-public records. The First Amendment "grants the press no right to information about a trial superior to that of the general public." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 609 (1978); *see also In re The Reporters' Comm. For Freedom of the Press*, 773 F.2d 1325, 1331 (D.C. Cir. 1985) (J. Scalia).

and process" in question "have historically been open to the press and general public," and (b) that "public access plays a significant positive role in the functioning of the particular process in question." *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8 (1986). "If the particular proceeding in question passes these tests of experience and logic, a qualified First Amendment right of public access attaches." *Id.* at 9. As we discuss below, it is well settled that there is no right of public access to materials related to grand-jury proceedings or to warrant proceedings during a pre-indictment investigation, as is the case here.

"[E]ven when a right of access attaches, it is not absolute." *Press-Enterprise*, 478 U.S. at 9. The Supreme Court has cautioned that finding a right of access creates a presumption of openness; it does not mandate access. In cases, unlike this one, where a right of access can be said to attach, such a presumption may be overcome "by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *California First Amendment Coalition v. Woodford*, 299 F.3d 868, 877 (9th Cir. 2002). In this case no balancing of interests is necessary because the public lacks even a qualified right of access to the sealed records. The Association and CDT submit, however, that even if a balancing of interests were appropriate, those interests weigh strongly in favor of maintaining the existing sealing.

## IV.  ARGUMENT

### A.  Rule 6(e) mandates that the record in this case remain sealed.

It is well settled that the public has no right of access to materials related to grand-jury proceedings. *See United States v. Sells Eng'g Co.*, 463 U.S. 418, 424

(1983) ("the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings"). "Since the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 219 n.9 (1979). Federal Rule of Criminal Procedure 6(e) implements this policy of secrecy by drawing a veil around grand-jury proceedings with only limited exceptions, none of which applies here.

Rule 6(e)(6) governs the sealing of court records. It requires that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." Rule 6(e)(6) was adopted, in part, to ensure the secrecy of subpoenas, because subpoenas convey such a large amount of information about the nature of the grand jury proceeding: "Subpoenas are the fundamental documents used during a grand jury's investigation because through subpoenas, grand juries can require witnesses to testify and produce documentary evidence for their consideration. Subpoenas can identify witnesses, potential targets, and the nature of an investigation." Rule 6(e)(6) Advisory Committee Notes.

Because subpoenas, court records, and other documents can reveal so much about a grand-jury proceeding, Rule 6(e) applies broadly to any documents that "may tend to reveal what transpired before the grand jury." *In re Grand Jury Investigation*, 610 F.2d 202, 216 (5th Cir. 1980). This includes, among other things, court records of motions to quash grand-jury subpoenas. *See, e.g., In re*

*Grand Jury Proceedings*, 867 F.2d at 540 n.1 (considering a motion to quash and sealing "all documents and briefs in this matter . . . to protect the secrecy of ongoing grand jury proceedings"); *see also In re Motions of Dow Jones & Co., Inc.*, 142 F.3d 496, 502 (D.C. Cir. 1998) ("A proceeding in the district court to quash a subpoena . . . would, it seems to us, almost invariably reveal matters occurring before the grand jury. . . ."); *In re Sealed Case*, 199 F.3d 522, 526 (D.C. Cir. 2000) (denying a request by media organizations to require public docketing of grand-jury related proceedings).

The majority of the record for this appeal contains litigation materials and court orders directly related to grand-jury subpoenas. One of the Orders on appeal—Judge Illston's Order dated December 10, 2004—is an Order quashing two grand-jury subpoenas, and the record in that proceeding discusses at length the materials sought by the subpoenas. The record in the other two proceedings below also contains substantial discussion of subpoenas, including the January 16, 2004 grand-jury subpoena and the March 3, 2004 grand-jury subpoena. Indeed, the intertwined series of subpoenas and warrants that the government used to obtain the drug-testing records at issue is so integral to these proceedings that virtually every substantive brief that the Association and CDT filed below discussed subpoenas, and most of them described the specific information that the subpoenas sought.

In the context of this case, therefore, Rule 6(e)'s prohibition against disclosure of grand-jury materials must include not only the subpoenas and court records that directly discuss them, but also the record of the search-warrant

proceedings. As set forth in more detail in the sealed briefs, the government first sought the seized materials by way of grand-jury subpoenas, then resorted to search warrants and new rounds of subpoenas when the Association and CDT moved to quash the original subpoenas. The search warrants were proxies for the grand jury subpoenas. No less than the subpoenas themselves, the warrants reveal the nature of the grand-jury investigation. Indeed, the very reason that the non-party seeks production of the materials is to learn and report information related to the government's investigation, which would implicate the grand-jury proceedings. *Cf. In re The Special February, 1975 Grand Jury*, 662 F.2d 1232, 1244 (7th Cir. 1981) (collecting cases), *aff'd sub. nom United States v. Baggot*, 463 U.S. 476 (1983).

Safeguarding the grand-jury proceedings therefore requires maintaining the current sealing of the appellate record. Because the government used the search warrants as surrogates for the grand-jury subpoenas, the search warrant proceedings reveal numerous facts about the grand-jury proceedings, and unsealing them would improperly disclose to the public matters occurring before the grand jury.

**B.    The motion to unseal is precluded because there is no right of public access to search-warrant materials in a new or ongoing investigation.**

The motion to unseal portions of the record related to the search warrants is also precluded by this Court's decision in *Times Mirror*, which held that "[t]he public has no qualified First Amendment right of access to warrant materials

during the pre-indictment stage of an ongoing criminal investigation."[4]  873 F.2d at 1221.  As the Court in *Times Mirror* observed, all the reasons for preserving the secrecy of grand-jury proceedings apply equally in the context of a search warrant. *Id.* at 1215-16.  In *Times Mirror*, media outlets challenged orders sealing warrants, supporting affidavits, and an inventory of the records seized pursuant to the warrants.  The Ninth Circuit rejected the press's arguments based on the First Amendment, common law, and Federal Rule of Criminal Procedure 41(g), emphasizing that the need for secrecy of warrant materials derives both from the need to protect the government's investigation and the need to protect the privacy rights of individuals affected by the warrants.  *Id.* at 1216.

*Times Mirror* applies directly to the warrant proceedings at issue here.  The government maintains in this appeal that it needs the materials that it seized from CDT and Quest for an ongoing investigation.  Gov.'s Op. Br. at 40 and fn. 20. Further, that investigation is in the pre-indictment stage.  In arguing otherwise, the movant simply misunderstands the investigation and the nature of the seized records.  While it is true that a grand jury returned indictments relating to the Bay Area Lab Cooperative ("BALCO") before any of the subpoenas or warrants here were issued, the BALCO cases have now apparently concluded.  The dispute in this case concerns the government's efforts to obtain drug-testing records with *no* documented link to BALCO.  Even if the ongoing investigation were part of the

---

[4] The court declined to decide whether the public has a right of access to search warrant materials after an investigation has concluded or after indictments have issued.  *Id.*  However, as explained below, that distinction is irrelevant here because no indictments have issued for the persons whose records were searched.

BALCO investigation, a case is still in the investigative stage if only some targets have been indicted. *See, e.g., Certain Interested Individuals v. Pulitzer Publishing Co.*, 895 F.2d 461, 467 (8th Cir. 1990) (case still in investigative stage where some targets have pleaded guilty or gone to trial). And, none of the individuals whose records have been seized have been indicted.

Further, just as Rule 6(e) protects the secrecy of ancillary proceedings such as ones to quash grand-jury subpoenas, *Times Mirror* protects the secrecy of the Fed. R. Crim. P. Rule 41 proceedings challenging the seizures under the warrants. Because *Times Mirror* explicitly states that there is no right of public access to "search warrant *proceedings*," *see id.* at 1216 (emphasis added), *Times Mirror* itself forecloses movant's argument that the case should not apply here because he is seeking court records from an adversary proceeding, rather than the underlying search warrant materials. Indeed, the Court in *Times Mirror* upheld the sealing of not only the warrant and warrant affidavit, but also of an inventory of materials seized pursuant to the warrant. *Id.* at 1211-1212. The Rule 41 proceedings center around exactly this information—the items that agents seized from CDT and Quest when they executed the warrants. Other circuits to consider the issue have also concluded that this type of information should remain sealed. *See Media Gen. Operations Inc. v. Buchanan*, 417 F.3d 424 (4th Cir. 2005) (no right of access to court docket concerning search warrant proceedings). Thus, under *Times Mirror* the current sealing of the record of the warrant proceedings should remain in effect.

Indeed, it is critically important that this Court maintain the existing sealing to protect the privacy of the many individuals whose records are at issue. This Court's reasoning in *Times Mirror* underscores the deference that courts must give to the privacy interests of individuals. Just as secrecy is required in the search warrant context because "[p]ersons who prove to be innocent are frequently the subjects of government investigations," *Times Mirror*, 873 F.2d at 1216, so too is secrecy required when the subject matter in the court records involves an individual's drug-testing results. *Cf. Doe v. Broderick*, 225 F.3d 440 (4th Cir. 2000) (recognizing patient's expectation of privacy in drug-treatment records held by methadone clinic). The mere recording of a urine sample's "result" is hardly a dispositive determination that it contains an illegal substance. Indeed, the results here were recorded at a time when innumerable steroid precursors were perfectly legal to consume. Yet, releasing to the public—indeed, to the media—this incomplete and imperfect information may give the public reason to believe that certain innocent individuals may be engaging in wrongful activity. Moreover, persons appearing on the lists of drug-test results will have no forum in which to exonerate themselves if these records are made public, particularly if they are never criminally charged. These persons face damage to their careers and reputations that no law can remedy once this information is made public. *See Times Mirror*, 873 F.2d at 1216. Public access to the court records would therefore undermine and frustrate the essential purpose of this litigation: the protection of the privacy interest of hundreds of individuals in their drug-testing results.

In this case, these privacy concerns are doubly important because the items seized involve urine tests. *See National Treasury Employees Union v. Von Raab*, 816 F.2d 170, 175 (5th Cir. 1987) ("There are few activities in our society more personal or private than the passing of urine.") The Supreme Court has recognized that an individual's privacy interest in such materials is particularly acute. *See, e.g., Ferguson v. City of Charleston*, 532 U.S. 67 (2001) (recognizing patient's expectation of privacy in hospital test results). As the Supreme Court has explained:

> In light of our society's concern for the security of one's person, it is obvious that this physical intrusion, penetrating beneath the skin, infringes an expectation of privacy that society is prepared to recognize as reasonable. The ensuing chemical analysis of the sample to obtain physiological data is a further invasion of the tested employee's privacy interests. . . . . chemical analysis of urine, like that of blood, can reveal a host of private medical facts about an employee, including whether he or she is epileptic, pregnant, or diabetic. Nor can it be disputed that the process of collecting the sample to be tested, which may in some cases involve visual or aural monitoring of the act of urination, itself implicates privacy interests.

*Skinner v. Railway Labor Executives' Ass'n,* 489 U.S. 602, 616-617 (1989) (citations omitted). Given the strength of the privacy interests at stake in this case, the seized records must not be made public.

The Association and CDT submit that the record of the Rule 41 proceedings discloses matters occurring before the grand jury, and thus is secret under Rule 6(e). But whether the materials were sought by search warrant or subpoena is immaterial for purposes of this motion. *Times Mirror* makes clear that materials relating to the warrants are to be accorded secrecy for the same reasons underlying Rule 6(e).

C.   **Even if there were a qualified right to public access, the balance of interests weighs strongly in favor of maintaining the sealing of the record.**

Even assuming that a qualified right of access did attach to some part of the record here (which it does not), the motion should still be denied. As explained above, both the government and affected individuals have an interest in preserving secrecy in ongoing investigations. *Cf. Sells Eng'g*, 463 U.S. at 424 ("Grand jury secrecy, then, is as important for the protection of the innocent as for the pursuit of the guilty.") (citations omitted).

Public access would cause irreparable injury to CDT because its business livelihood requires it to be able to maintain the confidentiality of its clients' records. CDT's business involves handling a person's most private substance—an individual's blood and urine—and information that testing of those substances reveals. Unsealing the records in this instance would undermine CDT's ability to assure its clients or potential clients that their drug-testing records are kept in strict confidence, and therefore would seriously jeopardize CDT's business.

More generally, disclosure would undermine the public's willingness to submit to voluntary drug-testing. The urine samples at issue here would not even exist but for a labor agreement that promises that the tests will remain confidential and anonymous. Unsealing these records would cast a long shadow of doubt on future promises of confidentiality and anonymity, and impair the ability to create, to administer, and to encourage participation in random drug-testing programs.

Unsealing the record at this late stage would also be especially unfair to the parties, who created the record below and drafted their pleadings before this Court

to disclose numerous aspects of the investigation, all in reliance on the pre-existing sealing orders. For this reason, in addition to those discussed above, even if a balancing of interests were appropriate, records now should not be unsealed.

**D.  If the Court grants the motion, it should order that any unsealed records be redacted.**

If this Court concludes that some unsealing of the record is appropriate, an order to unseal must at the very least include measures to ensure that movant does not obtain access to information he does not seek. Such an order must protect the privacy interests of the individuals whose records were seized, the legitimate business interests of CDT, and the secrecy established by Rule 6(e) and *Times Mirror*.

Given the strength of the public and private interests at stake, if any portion of the record is unsealed, this Court should grant counsel for the Association, CDT, and the government an opportunity to review the record and redact the following parts of the record:  (1) the names or any other identifying information of the individuals and organizations (other than Major League Baseball) whose records were seized; (2) all drug-testing records; (3) all materials that this Court determines would disclose matters occurring before the grand jury, falling within the scope of Federal Rule of Criminal Procedure Rule 6(e); and (4) all materials for which this Court determines that there is no right of public access, including but not limited to search-warrant materials covered by this Court's decision in *Times Mirror*.

The possibility of such redactions by no means suggests that separation of all this material can be readily done and that, therefore, such a redacted record can or should be made available to the public. The Association and CDT maintain that

such measures would be onerous to accomplish and bring onerous consequences. More importantly, unsealing would be inconsistent with Rule 6(e) and the public right-of-access cases, including *Times Mirror*.

## V.    CONCLUSION

For these reasons, the Association and CDT respectfully request that the Court deny the Non-Party's Motion to Unseal.

Dated:  December 9, 2005                                       KEKER & VAN NEST, LLP


By: _Elliot R. Peters    / BBA_
ELLIOT R. PETERS
Attorneys for APPELLEE
MAJOR LEAGUE BASEBALL
PLAYERS' ASSOCIATION

Dated:  December 9, 2005                                       SIDEMAN & BANCROFT, LLP


By: _David P. Bancroft  / BBA_
DAVID P. BANCROFT
Attorneys for APPELLEE
COMPREHENSIVE DRUG
TESTING, INC.

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(c) and 27(d), and Circuit Rule 27-1, I hereby certify that Defendants-Appellees' RESPONSE TO NON-PARTY'S MOTION TO UNSEAL COURT RECORDS, filed with this Court on December 9, 2005, was proportionally spaced in 14-point Times New Roman typeface and contained 4,324 words. Together with this Certificate of Compliance, which is proportionally spaced in 14-point Times New Roman typeface and contains 250 words, defendants-appellees' complete filing on this appeal contains 4,574 words.

Executed on December 9, 2005, at San Francisco, California.

_____
ELLIOT R. PETERS

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On December 9, 2005, I served the following document(s):

### RESPONSE TO NON-PARTY'S MOTION TO UNSEAL COURT RECORDS

by **COURIER**, by placing a true and correct copy in a sealed envelope addressed as shown below, and dispatching a messenger from Worldwide Network, whose address is 75 Lily Street, 3rd Floor, San Francisco, CA 94102, with instructions to hand-carry the above and make delivery to the following during normal business hours, by leaving the package with the person whose name is shown or the person authorized to accept courier deliveries on behalf of the addressee.

Erika R. Frick, Esq.
United States Attorney's Office
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102-3495
Fax: (415) 436-7234

Joshua A. Gerstein, *Pro Se*
814 Potrero Avenue
San Francisco, CA 94110
Fax: (415) 449-3551

Executed on December 9, 2005, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California

that the above is true and correct.

_____
ARLENE PICAR

**Certificate of Related Cases**

Counsel is not aware of any related cases pending before this Court.

Respectfully submitted,

Dated: September 10, 2009

*/s/ E A Balogh*
By: ETHAN A. BALOGH
225 Bush Street, Suite 1600
San Francisco, CA 94104
Direct: (415) 439-8347

Attorneys for APPELLEE
MAJOR LEAGUE BASEBALL
PLAYERS' ASSOCIATION

## **PROOF OF SERVICE**

I, Ethan A. Balogh, certify that on September 10, 2009, I filed electronically a copy of this Response to Non-Party's Notice re Pending Motion to Unseal Court Records with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system, and that assistant United States attorneys J. Douglas Wilson and Barbara Valliere, and David Bancroft and Jeffrey Hallam, the parties to whom I am required to provide service, are registered CM/ECF users and that service of this Response to Non-Party's Notice re Pending Motion to Unseal Court Records shall be accomplished by the appellate CM/ECF system. I further certify that I caused today to be sent by United States mail a copy of this Response to Non-Party's Notice re Pending Motion to Unseal Court Records to:

Joshua A. Gerstein
108 Circle Hill Road
Alexandria, VA 22305

Dated: September 10, 2009           */s/ E A Balogh*
                                    ETHAN A. BALOGH