Nos. 05-10067, 05-15006 & 05-55354

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

    Defendant-Appellant,

        v.

COMPREHENSIVE DRUG
TESTING, INC., et al.,

    Plaintiffs-Appellees.

**APPELLANT'S OPPOSITION TO APPELLEE'S BILL OF COSTS**

Appellant United States of America hereby responds to appellees Comprehensive Drug Testing, Inc., and the Major League Baseball Players Association (collectively "CDT"), request for bill of costs pursuant to Federal Rule of Appellate Procedure 39(d).

On August 26, 2009, the Court issued its memorandum opinion in these consolidated appeals, affirming the district court's judgment in Nos. 05-15006 and 05-10067, and dismissing as untimely the appeal in No. 05-55354. On August 31, 2009, the United States moved to stay the mandate. On September 2, 2009, the Court granted the motion to stay the mandate pending filing of a timely petition for certiorari. On September 9, 2009, CDT filed a timely bill of costs. A petition

for a writ of certiorari would be due on November 24, 2009, and the United States is currently considering whether to file a petition.

Federal Rule of Appellate Procedure 39 governs the award of costs. Under Rule 39(a)(1) and (a)(2), an appellee is entitled to costs, "unless the law provides or the court orders otherwise" when an appeal is dismissed or a judgment is affirmed. An appellate court has discretion under Rule 39(a) to order an award of costs. *See Tung Mung Development Co. v. United States*, 354 F.3d 1371, 1381-82 (Fed. Cir. 2004); *McDonald v. McCarthy*, 966 F.2d 112, 115 (3d Cir. 1992). In addition, Rule 39 makes clear that costs ordinarily should not be assessed until the mandate issues. Rule 39(d)(3) states, "The clerk must prepare and certify an itemized statement of costs for insertion in the mandate, but issuance of the mandate must not be delayed for taxing costs."

Here, the award of any costs is premature. The United States is currently considering whether to seek review of the Court's decision in the Supreme Court, and this Court has stayed the mandate pending the United States' decision whether to file a petition for certiorari. If the United States successfully petitions for a writ of certiorari, and the Supreme Court reverses the judgment of this Court, then appellees will not be entitled to costs under Rule 39(a). Moreover, Rule 39 contemplates that costs will be assessed when the mandate issues, and the Court

has stayed the mandate until any proceedings in the Supreme Court have terminated.

Accordingly, the United States respectfully submits that this Court should deny appellee's bill of costs without prejudice until the Supreme Court rules or the mandate issues.[1]

DATED: September 18, 2009      Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


_____/s/_____
BARBARA J. VALLIERE
Chief, Appellate Section
Assistant United States Attorney
450 Golden Gate Ave., 11th Floor
San Francisco, CA  94102
415-436-7039

---

[1] Even if the judgment is ultimately affirmed, the United States does not agree that appellee's are necessarily entitled to the full bill of costs.  Under Rule 30-1.7 of the Ninth Circuit Rules, an appellee's excerpts of record should include only materials that the appellant has failed to include in the excerpts and that are necessary to the appellee's arguments.  In addition, a party should not include briefs or memoranda filed in the district court "unless necessary to the resolution of an issue on appeal."  Even then, an excerpts "shall include only those pages necessary" to that issue.  Appellees' excerpts appear to contain material far in excess of what Rule 30-1.5 authorizes or permits.  If this Court's judgment is ultimately affirmed, the United States will request an opportunity to oppose the requested amount of costs.

CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2009, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid , or have dispatched it to a third party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

_____

Gary C. Moss, Esq.
3930 Howard Hughes Pkwy, Ste. 170
Las Vegas, NV 89101

Ronald G. Russo, Esq.
Herzfeld & Rubin, P.C.
40 Wall Street
New York, NY 10005

                                                     /s/
                                       TYLE L. DOERR
                                       Appellate Paralegal Specialist