Nos. 05-10067, 05-15006, & 05-55354

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

    Defendant-Appellant,

       v.

COMPREHENSIVE DRUG TESTING, INC., et al.,

    Movants-Appellees.

**MOTION FOR A FURTHER STAY OF THE MANDATE**

Pursuant to Federal Rule of Appellate Procedure ("FRAP") 41(d)(2) and Rule 41-1 of the Rules of this Court, the United States, through its undersigned counsel, hereby moves for a further stay of the mandate in the above-captioned case.

1. On August 26, 2009, an en banc panel of this Court issued its opinion in this case. A petition for a writ of certiorari seeking review of this Court's decision in the Supreme Court would have been due on November 24, 2009. Accordingly, the United States moved for a stay of the mandate until the deadline for the filing of a certiorari petition or, if a certiorari petition was filed, until the petition was finally resolved. That motion explained that if the mandate was not stayed, the

district courts would obtain jurisdiction over this case, and the materials seized pursuant to the warrant and subject to the grand jury subpoena may be destroyed. Destruction of the property may render the issues presented by the government's appeals moot. (A copy of the United States' motion is attached as Exhibit A.) On September 2, 2009, Chief Judge Kozinski granted the United States' "motion to stay the mandate pending the filing of a timely petition for certiorari." (A copy of Chief Judge Kozinski's order is attached as Exhibit B.)

  2. On November 4, 2009, the Court directed the parties to file by November 25, 2009, "simultaneous briefs addressing whether this case should be reheard en banc by the full court." Rule 13.3 of the Rules of the Supreme Court of the United States provides that when a court of appeals "*sua sponte* considers rehearing, the time to file the petition for a writ of certiorari for all parties . . . runs from the date of the denial of rehearing, or if rehearing is granted, the subsequent entry of judgment." Under Supreme Court Rule 13.3, this Court's decision to consider whether to rehear the case before the full Court means that the United States' petition for a writ of certiorari is no longer due on November 24, 2009. Instead, a petition for a writ of certiorari would be due, absent extension, 90 days from either (1) the entry of an order denying rehearing before the full Court or (2) if rehearing

is granted, the entry of judgment after the full Court has issued its decision. *See* Sup. Ct. R. 13.1.

    3. This Court's order of September 2, 2009, staying the mandate was entered in response to the government's application representing that any certiorari petition that the Solicitor General determined to file would have been due on November 24, 2009. Because this Court's order of November 4, 2009, has the effect of deferring the due date for a certiorari petition and indicates that further proceedings may occur in this Court, this application for a further stay of the mandate is necessary. A further stay of the mandate is appropriate both to ensure an orderly process for this Court to consider further proceedings en banc and also to allow the Solicitor General the opportunity to consider whether to file a petition for a writ of certiorari at the conclusion of those proceedings and, if she determines to seek certiorari, for the Supreme Court to dispose of such a petition. Specifically, the government now asks the Court to continue to stay its mandate through the disposition of its consideration whether to grant en banc review and its en banc consideration of the case or, if the Court denies en banc review, through the expiration of the time for filing such a petition, or, if a petition is filed, the disposition of the petition for a writ of certiorari.

4. As the United States stated in its prior motion, there is "good cause" for the stay.

Based on the foregoing and its prior motion to stay the mandate, the United States submits that this case satisfies the requirements of FRAP 41(d)(2)(A) and Rule 41-1 of the Rules of this Court. Accordingly, it moves the Court to stay the issuance of the mandate through the disposition of its consideration whether to grant en banc review and its en banc consideration of the case or, if the Court denies en banc review, through the expiration of the time for filing a petition for a writ of certiorari, or, if a petition is filed, the disposition of such a petition for a writ of certiorari.

DATED: November 9, 2009          Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

/s/
BARBARA J. VALLIERE
Chief, Appellate Section
Assistant United States Attorney
450 Golden Gate Ave., 11th Floor
San Francisco, CA 94102
415-436-7039

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2009, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid , or have dispatched it to a third party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

_____

Gary C. Moss, Esq.
3930 Howard Hughes Pkwy, Ste. 170
Las Vegas, NV 89101

Ronald G. Russo, Esq.
Herzfeld & Rubin, P.C.
40 Wall Street
New York, NY 10005

                                           /s/
                                        TYLE L. DOERR
                                        Appellate Paralegal Specialist