NOS. 05-10067, 05-15006 & 05-55354

IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

IN RE: GRAND JURY SUBPOENA DATED MAY 6, 2004 ON COMPREHENSIVE DRUG TESTING, INC. AND QUEST DIAGNOSTICS, INC.

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

COMPREHENSIVE DRUG TESTING, INC., AND
MAJOR LEAGUE BASEBALL PLAYERS ASSOCIATION,

Defendants-Appellees.

## APPELLEES' BRIEF RE REHEARING BY THE FULL COURT

Appeal from the United States District Courts for
The Northern District of California (No. CR Misc. 04-234 SI);
The Central District of California (No. CV 04-2887 FMC (JWJx));
and the District of Nevada (No. CV-S-04-0707 JCM-PAL)

KEKER & VAN NEST, LLP
ELLIOT R. PETERS - #158708
DAVID J. SILBERT - #173128
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
Attorneys for Defendant-Appellee
MAJOR LEAGUE BASEBALL
PLAYERS ASSOCIATION

COLEMAN & BALOGH, LLP
ETHAN A. BALOGH - # 172224
225 Bush Street, Suite 1600
San Francisco, CA 94104
Telephone: (415) 439-8347
Facsimile: (415) 373-3901
Attorneys for Defendant-Appellee
MAJOR LEAGUE BASEBALL
PLAYERS ASSOCIATION

SIDLEY AUSTIN LLP
VIRGINIA A. SEITZ - # 411475 (DC)
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711
Attorneys for Defendant-Appellee
MAJOR LEAGUE BASEBALL
PLAYERS ASSOCIATION

SIDEMAN & BANCROFT, LLP
DAVID P. BANCROFT - #52106
JEFFREY C. HALLAM - #161259
One Embarcadero Center, Eighth Floor
San Francisco, CA 94111
Telephone: (415) 392-1960
Facsimile: (415) 392-0827
Attorneys for Defendant-Appellee
COMPREHENSIVE DRUG TESTING,
INC.

459015.01

**TABLE OF CONTENTS**

**Page**

I. Introduction ............................................................................................... 1

II. Argument .................................................................................................. 2

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Abebe v. Holder*, 577 F.3d 1113-14, 11903 (9th Cir. 2009) ................................. 2, 6

*Barapind v. Enomoto*, 400 F.3d 744, 750-51 (9th Cir. 2005) ..................................... 7

*Campbell v. Brown*, 20 F.3d 1050 (9th Cir. 1994) ..................................................... 6

*Compassion in Dying v. State of Washington*, 85 F.3d 1440 (9th Cir. 1996) ............ 6

*United States v. Tamura*, 694 F.2d 591 (9th Cir. 1982) ..................................... 3, 4, 5

## FEDERAL STATUTES

Federal Rule of Criminal Procedure 4(g) ............................................................. 1, 5

Federal Rule of Criminal Procedure 17(c) ............................................................ 1, 5

I. Introduction

Pursuant to the Court's November 4 Order, appellees, the Major League Baseball Players Association ("MLBPA") and Comprehensive Drug Testing, Inc. ("CDT"), submit this brief addressing whether this case should be reheard by the full Court.

For the reasons stated below, the full Court should *not* reconsider the en banc panel's judgment of affirmance or the holdings that form the basis of that judgment. The en banc panel based its judgment on three independent grounds, each of which involved only the application of settled law to unique facts. Specifically, the en banc panel held, first, that the government failed to timely appeal one of the district court judgments; second, that the remaining two district court judgments on appeal should be affirmed based on the application of the doctrine of issue preclusion/collateral estoppel; and third, in the alternative, that those judgments should be affirmed because, on the undisputed factual record, the district judges did not abuse their substantial discretion under Federal Rules of Criminal Procedure 41(g) and 17(c). The en banc panel's analysis of the law did not break new doctrinal ground, and the complex procedural and factual setting in which these appeals arise is unlikely ever to recur. Nine of the eleven judges on the en banc panel concurred in the judgment. Nothing about the judgment or the holdings supporting it is worthy of the attention of the full Ninth Circuit, and appellees oppose such reconsideration.

Appellees take no position, however, and instead leave to the Court's sound discretion, whether the full Court or the en banc panel should review or clarify the

en banc decision's forward-looking guidelines for searches of electronic records. Those guidelines are unnecessary to the resolution of the issues presented in this case.

## II. Argument

En banc review by the full Court is an extraordinary procedure—one that this Court has never used in the 29 years since it adopted limited en banc panels. *See Abebe v. Holder*, 577 F.3d 1113, 1113 (9th Cir. 2009) (en banc) (Berzon, J., dissenting). None of the grounds for the judgment of affirmance merits such unprecedented attention from this Court.

Initially, all eleven members of the en banc panel agreed (as did all the members of the original three-judge panel. and the government itself during oral argument) that the government failed to timely appeal Judge Cooper's decision in Case No. 05-55354 (the "Cooper Order"), which required the government to return the materials outside the scope of the warrant that it seized in its initial search. Thus, all agreed that the government's appeal of that decision should be dismissed. (Slip Op. at 11870, 11897 (Callahan, J., dissenting), and 11912 and n.4 (Bea, J., concurring in part and dissenting in part)). The en banc majority also observed that the government never appealed Judge Illston's decision (the "Illston Order") ordering the government to return materials that it seized after the initial search,p where the purported probable cause for the seizure came from seized materials outside the scope of the original warrant. (Slip. Op. at 11875.) The Illston Order was the first order issued by any of the district judges below.

The majority then addressed the effect that these two final orders had on the

459015.01

2

two orders that remained on appeal (the "Mahan Order" and the "Illston Quashal"), observing that "the government cannot contest those rulings if it is bound by the identical rulings in the Cooper and Illston Orders." (Slip. Op. at 11875). On the basis of the final orders' preclusive effect, the majority affirmed both of the challenged rulings. (*See* Slip. Op. at 11876 ("We can and do uphold these findings based on the preclusive effect of the Cooper and Illston Orders.") and 11887 ("That standard [abuse of discretion]—difficult to meet under any circumstances—cannot possibly be satisfied here, in light of Judge Cooper's preclusive findings and Judge Mahan's well-reasoned order."))[1]

This preclusion analysis, standing alone, is sufficient to resolve the appeals. It involves a routine application of that legal doctrine, albeit in a peculiar procedural and factual setting that is virtually certain never to recur. It thus satisfies none of the traditional criteria for en banc review, let alone full Court consideration.

In addition, the en banc majority ruled, in the alternative, that ample evidence supported the Mahan Order and the Illston Quashal. That evidence

---

[1] *See also* Slip Op. at 11875 ("Judge Illston necessarily rejected the argument about the scope of the warrant the government made before Judge Mahan. The Illston Order therefore has preclusive effect on the core legal questions resolved in the Mahan Order, *viz.*, the government's failure to segregate intermingled data, as required by *Tamura*."); 11879 ("As noted, Judge Cooper found that these procedures [in the warrant] were completely ignored . . . . Judge Illston found the same."); 11880 ("Judge Cooper found that the government utterly failed to follow the warrant's protocol. Judge Illston also found that the government's seizure, in callous disregard of the Fourth Amendment, reached information clearly not covered by a warrant. These findings are binding on the government . . . ."); and 11884 ("In any event, we are again bound by the preclusive effect of the Illston and Cooper Orders.").

included an admission by the prosecutor that the government had intended to discover and seize materials that the warrant did not authorize it to take. As the majority noted,

> the government admitted at the hearing before Judge Mahan that "the idea behind [the copy of the Tracey Directory] was to **take it and later on briefly peruse it to see if there was anything above and beyond what was authorized for seizure in the initial warrant**."

(Slip Op. at 11879 (emphasis added); *see also id.* at 11903 (Callahan, J., dissenting, calling this admission "troubling on its face[.]")).

The en banc majority also agreed with the district judges' findings that the government ignored the warrant's requirement that "computer personnel" conduct the initial review of seized computer data to segregate materials not covered by the warrant for return to their owner. (Slip. Op. at 11873 and 11879.) Like the district judges, the majority rejected the government's proposed interpretation of the warrant (which would have nullified this requirement) as "sophistry." (Slip. Op. at 11880.) It likewise found ample evidence in the record to support the district judges' findings that the government violated the requirements of *United States v. Tamura*, 694 F.2d 591 (9th Cir. 1982) (Slip Op. at 11876-78); that the government showed callous disregard for third parties' constitutional rights (Slip Op. at 11884-85); and that all of the requirements for ordering the return of all copies of seized materials under Rule 41(g) and for quashing subpoenas under Rule 17(c) were satisfied (Slip Op. at 11884-85 and 11887).

Judge Bea, writing separately, concurred that the Mahan Order and Illston Quashal should be affirmed in light of the government's conduct:

459015.01

4

> I agree with the majority's analysis of the issues presented in this case, *as applied to this case only*. The government failed to follow either the procedures of *United States v. Tamura*, or those outlined in the approved warrant, which would have required the government to conduct its search of the seized intermingled computer files by using computer technicians, not case investigators. . . . Thus, I agree with the majority and vote to affirm the district court's orders.

(Slip Op. at 11912 and 11914 (Bea, J., concurring in part and dissenting in part) (footnote and citation omitted) (emphasis supplied)). As the italicized text emphasizes, the en banc panel's Rule 41(g) and 17(c) analysis, like its issue preclusion/collateral estoppel analysis, is fact and context specific.

In sum, the en banc panel unanimously agreed (and the government conceded) that the government's appeal of the Cooper Order should be dismissed as untimely, and nine of the eleven members of the en banc panel agreed with the judgment that the Mahan Order and Illston Quashal should be affirmed, based either upon issue preclusion/collateral estoppel, or upon the extensive evidence supporting the district judges' exercise of their discretion under Rules 41(g) and 17(c). Each of these holdings independently results in affirmance of the Mahan Order and Illston Quashal, and neither presents an issue that is worthy of the full Court's attention.

Consistent with this analysis, when the government moved to stay the mandate in this case, it did not cite either of these holdings as issues worthy of Supreme Court review, and it did not address the en banc panel's extensive analysis supporting these holdings summarized above. (*See* Mtn. to Stay the Mandate filed August 31, 2009, Docket Entry 7046619.) The only "substantial

459015.01

5

questions" that the government identified in its stay motion concerned the en banc decision's forward-looking guidelines for search warrants that cover electronic records—guidelines which are extraneous to the grounds for the judgment of affirmance. (*Id.* at ¶ 4.) Likewise, while two members of the en banc panel dissented from the judgment, they quarreled mainly with the majority's interpretation of the factual record, and with minor points of law. They raised no issue of such exceptional importance that it would warrant the first-ever review of an en banc decision by the full Ninth Circuit. *Compare* Slip Op. at 11897-912 (Callahan, J., dissenting) *with Abebe*, 577 F.3d at 1113-14 (noting denial of full-Court review of an en banc decision which—according to seven dissenting judges—"reverses a thirty year old precedent; . . . comes to a conclusion in conflict with that of the Attorney General and the rule applied in every circuit, as well as in conflict with the necessary assumption of a Supreme Court case; and . . . distorts the fundamental premises of equal protection law." (citation omitted)); *Compassion in Dying v. State of Washington*, 85 F.3d 1440, 1440 (9th Cir. 1996) (noting denial of full-Court review of an 8-3 en banc decision striking down Washington's assisted-suicide law); *Campbell v. Brown*, 20 F.3d 1050, 1050 (9th Cir. 1994) (noting denial of full-Court review of a 6-5 en banc decision refusing to declare death by hanging cruel and unusual under the Eighth Amendment).

For these reasons, appellees submit that the full Court should not review the judgment of affirmance or the holdings in this case. The government's motion for a stay of the mandate, however, makes clear that the government objects to the guidelines for future warrant applications and searches of electronic records that

459015.01

6

the en banc decision also announces. As explained by Judge Callahan, those guidelines are "dicta and might best be viewed as a 'best practices' manual, rather than binding law." (Slip Op. at 11906-07.) This Court may conclude, however, that there could be confusion about this point, *see Barapind v. Enomoto*, 400 F.3d 744, 750-51 (9th Cir. 2005) (en banc), and that the guidelines merit additional consideration or clarification. Accordingly, while appellees oppose full-Court consideration of the judgment of affirmance or the grounds for that judgment, they take no position, and leave to the Court's sound discretion, whether the full Court or the en banc panel should review or clarify the portion of the en banc decision addressed to future warrant applications and searches.

                                                Respectfully submitted,

Dated: November 24, 2009　　　　　　　KEKER & VAN NEST, LLP
　　　　　　　　　　　　　　　　　　　COLEMAN & BALOGH, LLP
　　　　　　　　　　　　　　　　　　　SIDLEY AUSTIN LLP


　　　　　　　　　　　　　　　　　By: */s/ Elliot R. Peters* _____
　　　　　　　　　　　　　　　　　　　ELLIOT R. PETERS
　　　　　　　　　　　　　　　　　　　DAVID J. SILBERT
　　　　　　　　　　　　　　　　　　　Attorneys for APPELLEE
　　　　　　　　　　　　　　　　　　　MAJOR LEAGUE BASEBALL
　　　　　　　　　　　　　　　　　　　PLAYERS' ASSOCIATION

Dated: November 24, 2009　　　　　　　SIDEMAN & BANCROFT, LLP


　　　　　　　　　　　　　　　　　By: */s/ David P. Bancroft* _____
　　　　　　　　　　　　　　　　　　　DAVID P. BANCROFT
　　　　　　　　　　　　　　　　　　　Attorneys for APPELLEE
　　　　　　　　　　　　　　　　　　　COMPREHENSIVE DRUG
　　　　　　　　　　　　　　　　　　　TESTING, INC.

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(c) and 27(d), and Circuit Rule 27-1, I hereby certify that APPELLEES' BRIEF RE REHEARING BY THE FULL COURT, efiled with this Court on November 24, 2009, was proportionally spaced in 14-point Times New Roman typeface and contained 2,073 words. Together with this Certificate of Compliance, which is proportionally spaced in 14-point Times New Roman typeface and contains 251 words, Appellees' complete filing on this appeal contains 2,324 words.

Executed on November 24, 2009, at San Francisco, California.

*/s/Elliot R. Peters*
ELLIOT R. PETERS

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2009, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by first class mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days, to the following non-CM/ECF participants:

Gary C. Moss, Esq.
3930 Howard Hughes Parkway
Suite 170
Los Vegas, NV 89101

Ronald G. Russo, Esq.
Herzfeld & Rubin, P.C.
40 Wall Street
New York, New York 10005

/s/ *Arlene A. Picar*
Arlene A. Picar

459015.01