

**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

*11th Floor, Federal Building*     *(415) 436-7200*
*450 Golden Gate Avenue, Box 36055*
*San Francisco, California 94102-3495*     *FAX:(415) 436-7234*

February 19, 2010

Ms. Molly Dwyer
Clerk, U.S. Court of Appeal for the Ninth Circuit
P.O. Box 193939
San Francisco, California 94119-3939

      **Re:**    ***United States v. Comprehensive Drug Testing, Inc. (CDT), et al.*,**
            **Nos. 05-10067, 05-15006, 05-55354**

Dear Ms. Dwyer:

      The government submits this letter pursuant to Federal Rule of Appellate Procedure 28(j).

      In *United States v. Mann*, No. 08-3041 (Jan. 20, 2010), the Seventh Circuit expressly rejected an invitation to adopt the protocols announced in this case for computer search warrants and affirmed the denial of a motion to suppress child pornography found on a computer. In doing so, it agreed with Judge Callahan's dissenting view here that "jettisoning the plain view doctrine entirely in digital evidence cases is an 'efficient but overbroad approach.'" Op. 13 (quoting that dissent). The Seventh Circuit explained that "there is nothing in the Supreme Court's case law (or the Ninth Circuit's for that matter) counseling the complete abandonment of the plain view doctrine in digital evidence cases." *Id.* Rather, "the more considered approach 'would be to allow the contours of the plain view doctrine to develop incrementally through the normal course of fact-based adjudication.'" Op. 13-14 (quoting Judge Callahan's dissent). The court also was "skeptical of a rule requiring officers to always obtain pre-approval from a magistrate judge to use the electronic tools necessary to conduct searches tailored to uncovering evidence that is responsive to a properly circumscribed warrant." Op. 14.

      In *United States v. Williams*, No. 08-5000 (Jan. 21, 2010), the Fourth Circuit stated that "the sheer amount of information contained on a computer does not

distinguish the authorized search of the computer from an analogous search of a file cabinet containing a large number of documents." Op. 19. The court explained that it had applied the normal rules governing the plain-view doctrine "successfully in the context of warrants authorizing the search and seizure of non-electronic files" and that it saw "no reason to depart from them in the context of electronic files." Op. 20.

These decisions underscore that the protocols announced by the en banc panel are erroneous. 11/23/2009 Gov't Br. 8-14. The conflict between those rulings and the opinion here provides additional reason for this Court to grant relief as requested by the government.

    Very truly yours,

    JOSEPH P. RUSSONIELLO
    United States Attorney


    _____/s/_____
    J. DOUGLAS WILSON
    Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2010, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid , or have dispatched it to a third party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

_____

Gary C. Moss, Esq.
3930 Howard Hughes Pkwy, Ste. 170
Las Vegas, NV 89101

Ronald G. Russo, Esq.
Herzfeld & Rubin, P.C.
40 Wall Street
New York, NY 10005

                                                       /s/
                                    TYLE L. DOERR
                                    Appellate Paralegal Specialist